553. SMITH *et al. v.* HIGHTOWER.·

No error of law was committed, and the verdict was warranted by the evidence.

Complaint, from city court of La Grange—Judge Harwell. May 1, 1907.

Argued October 28,—Decided December 9, 1907.

*D. J. Gaffney, Hatton Lovejoy,* for plaintiffs in error. ·
*Isaac Jackson, E. T. Moon, A. H. Thompson,* contra.

HILL, C. J. Hightower brought suit in the city court of La Grange against C. W. Smith, S. A. Smith, Alice Smith, and Mattie Smith, on a·note secured by a mortgage. The amount on the face of the note was $450.48. There were certain credits on the back of the note, and the amount sued for was the balance after deducting these credits. The plaintiff, by an amendment to his petition, asked, in addition to the general judgment against the defendants, a special judgment, setting up his lien against the mortgaged property. No defense was filed by C. W. Smith and S. A. Smith. Alice and Mattie Smith answered, that the note was without consideration as to them, but was for supplies furnished· by the plaintiff to the defendants C. W. Smith and S. A. Smith, to make a crop for the years 1900 and 1901, and that they were persuaded and overreached by their father and brother and in-

duced to sign the note with them, which they did under protest, and that they had never received any benefit whatever from the note. The jury found against all of the defendants, in the following language: "We, the jury, find for plaintiff $450.48 with interest of $106.34, less the credits made on the note, with cost of suit against the defendants below: C. W. Smith, S. A. Smith, Alice Smith and Mattie Smith, and a lien on the land as mentioned in the mortgage deed." Upon this verdict the court entered a judgment in favor of the plaintiff and against all the defendants for the sum of $282.23 principal, and $106.34 interest to date of judgment, with interest thereafter at 8 per cent. on the principal amount, and that the judgment be made a special lien upon certain real estate, describing it. Alice and Mattie Smith excepted to the judgment, because it did not follow the verdict, and because it was unauthorized by the verdict and the pleadings in the case. These exceptions were overruled, and to this ruling exceptions pendente lite were filed. These defendants also made a motion for a new trial on the three general grounds and on the following special grounds, set out in their amended motion: (1) Because the court erred in admitting the note sued on, because it was a copy and was admitted without sufficiently accounting for the original. (2) That the court erred in not charging, as requested in writing, "that in order to bind the defendants Mattie and Alice Smith, the consideration on which the plaintiff seeks to so bind them, it must appear that the consideration was brought to their attention and that they had knowledge of the consideration to C. W. Smith." The court, instead of so charging, charged as follows: "If the consideration for the signing of this note by defendants Mattie and Alice Smith was an extension of time given to C. W. Smith, this would be sufficient consideration to bind Mattie and Alice Smith; and if the defendants Mattie and Alice Smith signed this note knowing this consideration, they would be bound thereby." (3) Because the verdict is void for uncertainty and is not warranted by the pleadings. The credits to be deducted are not stated in the verdict, nor does the verdict show to what, or in what way, or on what, the credit is to be applied. The verdict does not show the credits which are intended to be made, and does not show whether they are to be applied to the sum of $450.48, or to the interest of $106.34.

1. We do not think the plea constituted any defense. It could only be considered as a plea setting up that the two defendants were sureties or accommodation endorsers on the note sued, and if only sureties or accommodation endorsers, the consideration to their principals was sufficient to bind them. Besides, the note was under seal; and this imported a consideration as to both makers and indorsers or sureties. Civil Code, §3656; *Sivell* v. *Hogan,* 119 *Ga.* 167 (46 S. E. 67). Of course the averment in the plea, that they were persuaded and overreached by their father and brother and induced to sign said notes, could not affect the rights of the payee unless he was a party to such conduct; and no such allegation is made.

2. The written request to charge does not contain a correct principle of law; and in any event, the charge requested was substantially given by the court, and was entirely favorable to the defendants.

3. As to the introduction of the copy of the note, the trial judge states, in a note verifying this ground of the motion, that the copy had been established by the court in lieu of the lost original before it was introduced. Besides, it is largely within the discretion of the trial court to decide when a sufficient foundation has been laid for the introduction of the contents or secondary evidence of lost papers; and unless such discretion has been manifestly abused, a reviewing court will not interfere. In this case both the defendants had admitted that the copy of the note attached as an exhibit to the petition was a correct copy of the original note signed by them, and this admission would have been sufficient to let in the copy as evidence, without any other proof.

4. The verdict was not void for uncertainty. "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Civil Code, §5332. The verdict was for the amount on the face of the note, and for interest to the date of the verdict, less the credits on the note. An inspection of these credits showed the amount to be deducted, leaving the verdict as the net balance. If the verdict was not certain, it could easily have been made certain, and was in fact made certain, by an inspection of the pleadings. The familiar maxim, id certum est quod certum reddi potest, applies. In entering the judgment, these credits were deducted from the

principal of the note; and the balance of the principal, after deducting the credits with interest to the date of the judgment, constituted the amount for which the judgment was rendered. A calculation of the amount due on the note will show that the foregoing judgment was for somewhat less than the sum due the plaintiff, and consequently the defendants could not have been hurt by the verdict. Indeed, there was no issue as to the amount of the note or as to the credits.

We do not think there is any merit in the exceptions to the judgment on the ground that it did not follow the verdict and was not authorized by the verdict and the pleadings. We think the verdict was demanded by the evidence, and the judgment rendered was in all respects valid.                    *Judgment affirmed.*